IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**MICHAEL TUCKER, Individually and on Behalf of All Others Similarly Situated**                    **PLAINTIFF**

vs.                              No. 2:21-cv-____

**OSCAR MIKE INCORPORATED**                                                         **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Michael Tucker ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney, Courtney Lowery of the Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Oscar Mike Incorporated ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated minimum wages as required by the FLSA.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described *infra*.

## II.  JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business within the State of Alabama.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Alabama has personal jurisdiction over Defendant, and Defendant therefore "resides" in Alabama.

6. Plaintiff was employed by Defendant at its facilities located in Jefferson County.

7. The acts alleged in this Complaint had their principal effect within the Southern Division of the Northern District of Alabama, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

8. Plaintiff is an individual and resident of Jefferson County.

9. Defendant is a domestic, for-profit corporation.

10. Defendant's registered agent for service is Timothy L. Goff at 2730 Crestwood Boulevard, Irondale, Alabama 35210.

## IV.  FACTUAL ALLEGATIONS

11. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Defendant's primary business is providing contract line haul services to FedEx Ground in Alabama.

13. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles and fuel.

14. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

15. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

16. Plaintiff was employed by Defendant within the three years preceding the filing of this lawsuit.

17. Specifically, Defendant employed Plaintiff as a Diesel Mechanic from September of 2020 until December of 2021.

18. Defendant also employed other Diesel Mechanics within the three years preceding the filing of this lawsuit.

19. At all times material herein, Plaintiff and other Diesel Mechanics have been entitled to the rights, protections, and benefits provided under the FLSA.

20. At all times material herein, Plaintiff was classified by Defendant as exempt from the overtime requirements of the FLSA and was paid a salary.

21. Defendant also classified other Diesel Mechanics as exempt from the overtime requirements of the FLSA and paid them a salary.

22. At all relevant times herein, Defendant directly hired Plaintiff and other Diesel Mechanics to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23. As a Diesel Mechanic, Plaintiff's primary duties were to perform maintenance on company vehicles which broke down while out on a route.

24. Other Diesel Mechanics had the same or similar duties as Plaintiff.

26. Plaintiff did not have the authority to hire or fire any other employees.

27. Other Diesel Mechanics did not have the authority to hire or fire any other employees.

28. Plaintiff did not exercise independent judgment as to matters of significance in carrying out his duties.

29. Other Diesel Mechanics did not exercise independent judgment as to matters of significance in carrying out their duties.

30. In carrying out their duties, Plaintiff and other Diesel Mechanics followed the policies and processes set by Defendant or others.

31. Plaintiff's and other Diesel Mechanics duties were rote and routine, and they sought input from supervisors when their duties were not rote or routine.

32. Plaintiff regularly worked more than forty hours per week during the relevant time period.

33. Upon information and belief, other Diesel Mechanics also regularly worked more than forty hours per week during the relevant time period and had similar schedules to Plaintiff.

34. Defendant did not pay Plaintiff 1.5x his regular rate of pay for hours worked over 40 each week.

35. Upon information and belief, Defendant did not pay other Diesel Mechanics 1.5x their regular rate of pay for hours worked over 40 each week.

36. Defendant did not have a method by which Plaintiff and other Diesel Mechanics could track their time.

37. Defendant represented to Plaintiff that Plaintiff's supervisor was keeping track of the hours he worked.

38. Defendant knew or should have known that Plaintiff and other Diesel Mechanics were working hours over 40 in some weeks.

39. Plaintiff regularly operated vehicles under 10,000 pounds in the course of his duties.

40. Upon information and belief, other Diesel Mechanics also regularly operated vehicles under 10,000 pounds in the course of their duties.

41. At all relevant times herein, Defendant has deprived Plaintiff and other Diesel Mechanics of regular wages and overtime compensation for all hours worked.

42. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

43. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided by the FLSA.

45. Plaintiff brings his claims for violation of the FLSA as a collective action pursuant to Sections 207 and 16(b) of the FLSA, 29 U.S.C §§ 207 and 216(b), on behalf of all persons who were, are, or will be employed as similarly situated within the statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Unpaid overtime wages;

    B.    Liquidated damages; and

    C.    Attorney's fees.

46. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

47. The relevant time period dates back three years from the date on which this lawsuit was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

48. The members of the proposed FLSA collective are similarly situated in that they share the following traits:

    A.    They were classified by Defendant as exempt from the overtime requirements of the FLSA;

    B.    They had substantially similar job duties and responsibilities;

    C.    They worked over 40 hours in at least one week within the three years preceding the filing of this lawsuit; and

    D.    They were subject to Defendant's common policy and practice of failing to pay them 1.5x their regular rate of pay for all hours worked over 40 in a week.

49. Because these employees are similarly situated to Plaintiff, and are owed unpaid wages for the same reasons, the proposed collective is properly defined as

follows:

**All salaried Diesel Mechanics within the past three years.**

50. Plaintiff is unable to state the exact number of the potential members of the proposed collective but believes that the collective exceeds five individuals.

51. Defendant can readily identify the members of the Section 16(b) collective, which encompasses all Diesel Mechanics in the last three years.

52. The names, cell phone numbers, email addresses, and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text and first-class mail (or email) to their last known addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

53. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying

Department of Labor regulations.

58. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

59. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over 40 each week.

60. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VII.   SECOND CAUSE OF ACTION
**(Collective Action Claim for Violation of the FLSA)**

62. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Plaintiff and similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

65. At all relevant times, Plaintiff and similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

66. At all relevant times, Defendant has been, and continues to be, an

"employer" of Plaintiff and others similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

67.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

68.    Defendant misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

69.    Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

70.    Defendant knew or should have known that its actions violated the FLSA.

71.    Defendant's conduct and practices, as described above, were willful.

72.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

73.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

74. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Michael Tucker, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.   That Defendant be summoned to appear and answer this Complaint;

B.   That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the attendant regulations;

D.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

E.   For an order of this Honorable Court entering judgment in favor of Plaintiff and the proposed collective members against Defendants for their actual economic damages in an amount to be determined at trial;

F.   Judgment for damages for all unpaid back wages owed to Plaintiff and members of the collective from a period of three years prior to this lawsuit through the date of trial under the FLSA and the attendant regulations;

G.   For liquidated damages as provided for under the FLSA and its related regulations;

H.   An order directing Defendant to pay Plaintiff and members of the collective

interest, reasonable attorney's fees and all costs connected with this action; and

I.      For such other and further relief as this Court deems just and proper.

        Respectfully submitted,

**MICHAEL TUCKER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Courtney Lowery*
Courtney Lowery
Ala. Bar No. 4047-v46j
courtney@sanfordlawfirm.com