FILED
2023 Jan-25  PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL TUCKER, individually and on behalf of All Others Similarly Situated ) ) ) ) Plaintiff, ) ) v. ) ) OSCAR MIKE, INC. ) ) Defendant. ) | Civil Action No. 2:21-cv-1706-AKK |

## SUPPLEMENTAL BRIEF REGARDING PLAINTIFF'S SHOWING OF OUTSIDE INTEREST IN JOINING THE CASE

Plaintiff filed his Motion for Conditional Certification (ECF No. 13) on May 31, 2022. Defendant responded (ECF No. 17) on June 17, alleging that Plaintiff had failed to satisfy the Eleventh Circuit standard for certification that requires a showing that other similarly aggrieved individuals desire to join the lawsuit. Plaintiff filed a sur-reply (ECF No. 22) on August 5. On January 20, this Court ordered the parties to provide supplemental briefing addressing a) whether Plaintiff has provided any evidence that others desire to opt-in aside from his declaration; and b) if not, whether any Eleventh Circuit district court has conditionally certified a collective when the only evidence of outside interest is a Plaintiff's sworn declaration regarding his belief that others would join. ECF No. 41.

Page 1 of 6
Michael Tucker, et al. v. Oscar Mike Incorporated
U.S.D.C. (N.D. Ala.) Case No. 2:21-cv-1706-AKK
Supplemental Brief Regarding Plaintiff's Showing of Outside Interest in Joining the Case

### A. Plaintiff's declaration is evidence of outside interest.

Defendant's assertion that "three individuals have opted in" is likely a simple error—Plaintiff Michael Tucker is currently the only Plaintiff. Accordingly, the answer to the Court's first question is that the only evidence Plaintiff has presented concerning others' desire to opt-in is his declaration filed in support of his request for conditional certification. As more fully elaborated below, the small size of the proposed collective coupled with the specific details outlined in Plaintiff's declaration is sufficient to meet his non-statutory burden of showing interest in joining the lawsuit.

### B. Eleventh Circuit courts have granted conditional certification based on sworn statements from named plaintiffs.

Because there is no binding Eleventh Circuit decision that requires district courts to impose a burden on plaintiffs not found in the text of the FLSA statute, this Court is free to follow the plain text of the FLSA and carry out Congressional intent by conditionally certifying the proposed collective. A plaintiff's burden to demonstrate the existence of similarly situated aggrieved employees who wish to join the lawsuit "is not onerous." *Rojas v. Garda CL Se., Inc.*, 297 F.R.D. 669, 676 (S.D. Fla. 2013). "[T]he existence of just one other co-worker who desires to join in is sufficient to 'rais[e] the Plaintiff's contention beyond one of pure speculation.'" *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1283

Page 2 of 6
Michael Tucker, et al. v. Oscar Mike Incorporated
U.S.D.C. (N.D. Ala.) Case No. 2:21-cv-1706-AKK
Supplemental Brief Regarding Plaintiff's Showing of Outside Interest in Joining the Case

(S.D. Fla. 2012) (quoting *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05-14237-CIV-MARTINEZ/LYNCH, 2006 U.S. Dist. LEXIS 58484, at *10 (S.D. Fla. May 17, 2006)).

Accordingly, in *Santiago v. Mid-South Painting, Inc.*, the Southern District of Florida conditionally certified a collective of similarly situated painters and formen based on a single named plaintiff's sworn declaration. No. 11-21289-CIV, 2011 U.S. Dist. LEXIS 85252 (S.D. Fla. Aug. 3, 2011). In his declaration, the plaintiff did not name any single similarly situated employee, but averred his belief that others would join the lawsuit if they received assurances regarding retaliation from the defendant. *Id*. at *10. The court noted that "[n]ormally, this type of bald assertion is insufficient to carry a plaintiff's burden because 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify notice.'"). *Id*. at *10–11 (quoting *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003)).

The court noted, however, that "courts within this circuit have determined that evidence of 'a common payroll policy or scheme' is sufficient to 'establish[] there [are] other employees desiring to opt-in.'" *Id*. at *11 (quoting *Mooney v. Advanced Disposal Servs.*, No. 3:07-cv-1018-WKW, 2008 U.S. Dist. LEXIS 62400, at *5 (M.D. Ala. Aug. 14, 2008)). Based on the evidence regarding a common pay policy and the plaintiff's single sworn statement, the court

Page 3 of 6
Michael Tucker, et al. v. Oscar Mike Incorporated
U.S.D.C. (N.D. Ala.) Case No. 2:21-cv-1706-AKK
Supplemental Brief Regarding Plaintiff's Showing of Outside Interest in Joining the Case

determined that the plaintiff had "met his burden of demonstrating other employees would desire to opt-in." *Id*. at *12.

Relying on *Santiago*, in *Brown v. Refuse Materials, Inc.*, the Middle District of Georgia conditionally certified a collective based on one declaration that merely stated a common pay policy that violated the FLSA when only one other employee had opted in to the case. Civil Action No. 7:13-cv-37 (HL), 2013 U.S. Dist. LEXIS 75547, at *8 (M.D. Ga. May 30, 2013). The court noted that the putative class was small in number, and therefore "one employee who has opted in in addition to Plaintiff is not necessarily an insignificant number." *Id*. at *8.

In *Wynder v. Applied Card Systems*, the Southern District of Florida certified a collective of nine customer assistance supervisors based on the declarations of a single named plaintiff and one opt-in. No. 09-80004-CIV, 2009 U.S. Dist. LEXIS 100596 (S.D. Fla. Oct. 7, 2009). Noting the small class size, the court determined that the statement, "I expect that other current and other former employees will join this suit if they are given notice of it and opportunity to join" was sufficient to meet the plaintiff's burden to demonstrate outside interest. *Id*. at *7 (citing *Reyes v. Carnival Corp.*, No. 04-21861-CIV-GOLD/TUR, 2005 U.S. Dist. LEXIS 11948 (S.D. Fla. May 25, 2005)). Likewise, in *Guerra v. Big Johnson Concrete Pumping, Inc.*, the court conditionally certified a collective based on an affidavit from a single named plaintiff and one opt-in. No. 05-14237-CIV-MARTINEZ/LYNCH,

Page 4 of 6
Michael Tucker, et al. v. Oscar Mike Incorporated
U.S.D.C. (N.D. Ala.) Case No. 2:21-cv-1706-AKK
Supplemental Brief Regarding Plaintiff's Showing of Outside Interest in Joining the Case

2006 U.S. Dist. LEXIS 58484 (S.D. Fla. May 17, 2006). Notably, the *Guerra* court determined that these affidavits were sufficient to conditionally certify a state-wide collective covering all laborers operating out of all of the defendant's facilities in the state of Florida. *Id*. at *8–9.

Here, like in *Brown* cited above, Plaintiff's affirmative statement of a common policy applicable to all mechanics coupled with the small size of the collective Plaintiff seeks to represent is sufficient to meet his burden of showing interest in joining the lawsuit. Plaintiff expects to represent a class of five mechanics. Decl. of Michael Tucker ("Decl. Tucker") ¶ 17, ECF No. 13-6. Accordingly, Plaintiff alone represents 20% of the putative class. Requiring an additional showing (which would represent almost half of the class) is an insurmountable burden for such a small class, especially when Plaintiff has not been employed with Defendant in over a year. *See* Decl. Tucker ¶ 4 (stating that Plaintiff's employment with Defendant ended in December of 2021). Further, Plaintiff has affirmatively stated that Defendant had a policy common to all mechanics of paying mechanics a salary without an overtime premium. Decl. Tucker ¶ 7–9.[1] Based on this evidence, this Court should find that Plaintiff has met

---

[1] Defendant asserts that mechanics are paid an hourly wage. Decl. of Timothy Goff ¶ 4, ECF No. 17-1. However, Defendant provides no evidence whatsoever that mechanics were paid an overtime premium or that mechanics were not simply paid an "hourly wage" for forty hours per week regardless of the number of hours worked. Indeed, Defendant has provided no counter-evidence whatsoever regarding whether its pay policies complied with the FLSA.

Page 5 of 6
Michael Tucker, et al. v. Oscar Mike Incorporated
U.S.D.C. (N.D. Ala.) Case No. 2:21-cv-1706-AKK
Supplemental Brief Regarding Plaintiff's Showing of Outside Interest in Joining the Case

his burden of showing that he is similarly situated to a class of individuals and conditionally certify a collective accordingly.

Respectfully submitted,

**MICHAEL TUCKER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
Admitted *Pro Hac Vice*
sean@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 25, 2023, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using the CM/ECF electronic filing system, which sends notice of electronic filing constituting service to the following counsel of record:

Wesley C. Redmond, Esq.
Susan W. Bullock, Esq.
FORD HARRISON LLP
420 20th Street North, Suite 2560
Birmingham, Alabama 35203
Telephone: (205) 244-5905
Facsimile: (205) 244-5901
wredmond@fordharrison.com
sbullock@fordharrison.com

*/s/ Sean Short*
**Sean Short**

Page 6 of 6
Michael Tucker, et al. v. Oscar Mike Incorporated
U.S.D.C. (N.D. Ala.) Case No. 2:21-cv-1706-AKK
Supplemental Brief Regarding Plaintiff's Showing of Outside Interest in Joining the Case