# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL TUCKER,** *individually and on behalf of all others similarly situated,*    Plaintiff, | ) ) ) ) ) ) |
| v. | )    Case Number: 2:21-cv-1706-CLM |
| **OSCAR MIKE, INC.**    Defendant. | ) ) ) ) |

## DEFENDANT OSCAR MIKE'S SUPPLEMENTAL BRIEF RESPONDING TO COURT'S QUESTIONS RELATED TO PLAINTIFF MICHAEL TUCKER'S MOTION FOR CONDITIONAL CERTIFICATION

Defendant Oscar Mike, Incorporated ("Oscar Mike" or "Defendant") respectfully submits the following supplemental brief in response to this Court's January 20, 2023, Order (doc. 41) that directed each party address two questions related to Plaintiff Michael Tucker's ("Tucker" or "Plaintiff") motion for conditional certification. (Doc. 13).

**Question No. 1**: "Defendant Oscar Mike, Inc. asserts that 'Plaintiff has provided no evidence that there are other employees other than him who desire to join this action.' (Doc. 17, p. 4). But later in its brief, Defendant writes, 'The fact that three individuals have opted in, on its own, is insufficient to make [the showing that others desire to opt-in].' (Doc. 17, p. 5). Has Plaintiff Michael Tucker presented

any evidence that others desire to opt-in, aside from his own declaration in which he asserts that he 'believe[s] there would be others who would want to join this lawsuit . . .'? (*See* Doc. 13-6, p. 5)." (Doc. 41).[1]

**Oscar Mike's Response to Question No. 1:**  No. Plaintiff has not presented any evidence that others desire to opt-in, and no others have opted-in.[2]

**Question No. 2**: "If the answer to (1) is 'no,' has any district court in the Eleventh Circuit ever granted a motion for conditional certification when there is only one named plaintiff, and the only evidence that other employees desire to opt-in is a declaration from the named plaintiff in which he asserts that he 'believe[s] there would be others who would want to join this lawsuit . . .'? (*See* Doc. 13-6, p. 5)." (Doc. 41).

**Oscar Mike's Response to Question No. 2:** Defendant's search found that no district court in the Eleventh Circuit has granted a motion for conditional certification under the conditions set forth in the Court's January 20, 2023, Order. (Doc. 41). Plaintiff's Supplemental Brief Regarding Plaintiff's Showing of Outside Interest in Joining the Case ("Plaintiff's Supplemental Brief") (Doc. 42) confirms that no such district court decision exists.

---

[1] As the Order requested, Defendant limits its response to the questions posed in the Order. (Doc. 41 at 2). Any failure to address the other issues raised in Plaintiff's Supplemental Brief is not intended and should not be construed as any agreement with Plaintiff's arguments.

[2] Oscar Mike's reference to three opt-in plaintiffs was an error, as there are clearly no individuals who have opted in to this action and no individuals who have submitted statements expressing desire to do so.

In *Santiago v. Mid-S. Painting, Inc.*, No. 11-21289-CIV, 2011 WL 3418252, at *5 (S.D. Fla. Aug. 3, 2011), cited in Plaintiff's Supplemental Brief (doc. 42 at 3), the Southern District of Florida granted conditional class certification under unusual circumstances that make the result inapposite. In *Santiago*, the plaintiff submitted a declaration stating, in addition to the language referenced in Plaintiff's Supplemental Brief, that "he is 'aware of other painters who have expressed an interest in joining in the lawsuit....'" *Santiago* at *4. The declaration evidence before the *Santiago* Court is not the same evidence before this Court. First, Tucker's declaration does not state that he was <u>aware</u> of other mechanics who were interested in joining; rather, he stated only that he <u>believed</u> there were others who were interested. Second, and more importantly, the district court in *Santiago* made it clear that it found the plaintiff satisfied his burden to present other employees desiring to opt in and that it granted conditional certification only because the defendant *admitted* it failed to pay other employees at an overtime rate for all hours worked over forty in a workweek. The *Santiago* Court's opinion is clear that, in the absence of the defendant's admission of an overtime pay violation, the plaintiff would have been left with anecdotal evidence based only on his belief, which would not have met his burden. The court explained:

> Had Defendants not explicitly admitted that they, as a rule, do not pay overtime wages, the Court's determination would be quite different. Without that admission, if Plaintiff had relied solely on anecdotal

3

      evidence or belief, the Court would not have found that there are other employees who desire to opt-in.

*Santiago* at *5, n. 6.

The other cases Plaintiff provided to the Court in his Supplemental Brief confirm that there are no district court cases that meet the conditions posed by the Court. In each of those cases, at least one individual other than the plaintiff filed a consent to join the lawsuit. *See Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1275 (S.D. Fla 2012) (in addition to 21 named plaintiffs, there were three employees who served pre-suit notice to join and three employees who submitted affidavits expressing interest); *Brown v. Refuse Materials, Inc.*, No. 7:13-CV-37 HL, 2013 WL 2387750, at *3 (M.D. Ga. May 30, 2013) (finding the plaintiff's submission of a consent form signed by a similarly situated employee was a sufficient demonstration of interest in participation); *Wynder v. Applied Card Systems, Inc.*, No. 09-80004-CIV, 2009 WL 3255585, at *1 (S.D. Fla. Oct. 7, 2009) (one additional individual filed a consent to join the action)[3]; *Guerra v. Big Johnson Concrete Pumping. Inc.*, No. 05-14237-CIV, 2006 WL 2290512, at ** 2, 4 (S.D. Fla. May 17, 2006) (one additional individual filed a consent to join the action).

---

[3] From the opinion it is not clear if the other individual mentioned opted in to the case or simply provided a declaration. Document 10 from the docket for that case retrieved from Pacer confirms that the other employee mentioned opted into the case.

Respectfully submitted,

*/s/ Susan W. Bullock*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: 205-244-5905
Facsimile: 205-244-5901

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on January 25, 2023, she electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to the following attorney of record:

>Sean Short
>SANFORD LAW FIRM, PLLC
>Kirkpatrick Plaza
>10800 Financial Centre Pkwy, Suite 510
>Little Rock, AR 72211
>Telephone: (501) 221-0088
>Facsimile: (888) 787-2040
>Email: sean@sanfordlawfirm.com
>Admitted *Pro Hac Vice*
>
>*Counsel for Plaintiff*

>>*/s/Susan W. Bullock*
>>Wesley C. Redmond

WSACTIVELLP:13737339.1