# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**MICHAEL TUCKER,**
***individually and on behalf of***
***all others similarly situated,***
       Plaintiff,

**v.**

**Case No. 2:21-cv-1706-CLM**

**OSCAR MIKE, INC.,**
       Defendant.

## <u>MEMORANDUM OPINION</u>

Michael Tucker sued his former employer, Oscar Mike, Inc., alleging violations of the Fair Labor Standards Act ("FLSA"). Tucker asks the court to conditionally certify an opt-in class of employees, and to approve notice to potential opt-in plaintiffs, so that a class of plaintiffs may pursue their FLSA claims in a collective action. But before conditionally certifying an opt-in class, the Eleventh Circuit requires this court to find that (1) other employees desire to opt-in to Tucker's lawsuit, and (2) those other employees are "similarly situated." *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir. 1991).

Tucker offers no evidence that any other employees desire to opt-in, aside from his own declaration in which he asserts that he "believe[s] there would be others who would want to join this lawsuit . . ." (Doc. 13-6, p. 5). So the court **DENIES** Tucker's motion to conditionally certify an opt-in class, and **DENIES AS MOOT** his motion to approve notice to potential plaintiffs.

### STATEMENT OF FACTS

Plaintiff Michael Tucker ("Tucker") worked as a Diesel Mechanic for Defendant Oscar Mike, Inc. ("Oscar Mike") from 2020-2021. (Doc. 1, p. 3).

After separating from the company, Tucker sued Oscar Mike, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Doc. 1, p. 1). The FLSA requires, among other things, that employers pay employees overtime wages for all hours worked over forty each week, unless the employee meets certain exemption requirements. In other words, employers must pay overtime wages for all hours worked over forty, unless the employee is properly classified as "exempt."

The FLSA authorizes individual claims, as well as "collective actions," against employers accused of violating the FLSA. Collective actions allow a plaintiff to assert claims on behalf of other similarly situated employees. *See* 29 U.S.C. § 216(b).

Tucker claims that Oscar Mike misclassified him and others as "exempt" employees, and therefore failed to pay overtime pay as required by the FLSA. So Tucker brings an individual claim, and a collective action claim. (*See* Doc. 1, pp. 7–8).

Tucker is the only named plaintiff in this action. And he has not yet identified any specific employees who wish to join his lawsuit. (*See* Doc. 42). But he has declared, under penalty of perjury, that he "believe[s] there would be others who would want to join this lawsuit if they were made aware of the opportunity . . ." (Doc. 13-6, p. 5).

Tucker has moved for conditional certification, approval and distribution of notice, and disclosure of contact information. (Doc. 13). Oscar Mike opposes the motion on various grounds.

## LEGAL STANDARD

"[T]he decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). But the court's discretion is "not unbridled." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). The court must carefully exercise its discretion, and authorize notice in only appropriate cases. *See Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983).

DISCUSSION

The Fair Labor Standards Act ("FLSA") authorizes "collective actions" against employers accused of violating the FLSA.[1] *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008). Section 216(b) of the FLSA provides: "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Tucker asks this court to conditionally certify this case as a collective action under Section 216(b) of the FLSA. (*See* Doc. 13).

Participants in a § 216(b) collective action must affirmatively opt into the suit. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Morgan*, 551 F.3d at 1258–59. In other words, once a plaintiff files a complaint against an employer, any other similarly situated employees who want to join must affirmatively consent to be a party and file written consent with the court. *Morgan*, 551 F.3d at 1259 (citing *Albritton v. Cagle's*, 508 F.3d 1012, 1017 (11th Cir. 2007)). Because similarly situated employees must affirmatively opt into the litigation, the decision to certify the action, on its own, does not create a class of plaintiffs. Instead, the "existence of a collection action under § 216(b) . . . depend[s] on the active participation of other plaintiffs." *Morgan*, 551 F.3d at 1259.

The significance of certification at the initial stage (*i.e.*, conditional certification), "is that it authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees." *Morgan*, 551 F.3d at 1259 (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).

---

[1] Collective actions differ from class actions in important ways. For example, in a Rule 23 class action, each person who falls within the class definition is considered to be a class member, and is bound by the judgment unless he has opted out. *See* Fed. R. Civ. P. 23(c)(3). By contrast, a putative plaintiff must affirmatively opt into a 29 U.S.C. § 216(b) action by filing his written consent with the court.

**A. Courts in this circuit are encouraged to apply a two-tier approach to certification of collective actions.**

Most courts apply a "two-tier" or "two stage" approach to certification of collective actions. The Eleventh Circuit has endorsed this approach. *See Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1260 (11th Cir. 2008) (endorsing the two-stage procedure for determining certification); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (recommending without requiring that district courts use a two-tiered approach).

The first stage is the "notice stage." At this stage, the district court decides—usually based only on the pleadings and any affidavits submitted—whether notice of the action should be given to potential class members. *Hipp*, 252 F.3d at 1218. Specifically, the court must satisfy itself that: (1) other employees desire to opt-in, and (2) those other employees are "similarly situated" with respect to their job requirements and pay provisions. *Morgan*, 551 F.3d at 1259 (citing *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)). Because the court has minimal evidence, this determination is made using a "fairly lenient standard," and typically results in conditional certification of a representative class. *Hipp*, 252 F.3d at 1218. If the district court conditionally certifies the class, putative class members are given notice and the opportunity to opt-in. *Id.* The action then proceeds as a representative action throughout discovery. *Id.*

The first stage is also known as "conditional certification" because the court's decision may be reexamined once the case is ready for trial. *Morgan*, 551 F.3d at 1261 (citing *Albritton*, 508 F.3d at 1014); *see also Anderson v. Cagle's Inc.*, 488 F.3d 945, 952 (11th Cir. 2007) (stating district court certified collective action, "but only conditionally," noting the possibility of later decertifying once discovery is substantially over).

The second stage is the "decertification stage." The defendant initiates this stage by filing a motion for decertification following the close of discovery. *Morgan*, 551 F.3d at 1261. At this stage, the court has much more information on which to base its decision, and can therefore make a more informed factual determination on the similarly situated question. *Id.* This stage is less lenient, and the plaintiff bears a heavier burden. *Id.* If the claimants are similarly

situated, the district court allows the representative action to proceed to trial. *Hipp*, 252 F.3d at 1218. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Id.* The class representatives—*i.e.*, the original plaintiffs—proceed to trial on their individual claims. *Id.* (quoting *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

While conditional certification can be undone, the court is mindful that a "decision to certify, even if subject to correction at the decertification stage, is not without consequences." *Lang v. DirecTV, Inc.*, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011). "Too much leniency at the notice stage can lead to a 'frivolous fishing expedition conducted by the plaintiff at the employer's expense,'" and "extreme leniency at the notice stage can result in conditional certification that must later be revoked at the eve of trial . . . when it becomes obvious that manageability concerns make collective action impossible." *Id.* (citations omitted). This court takes seriously its obligation to grant conditional certification in only "appropriate cases." *See Haynes v. Singer Co.,* 696 F.2d 884, 886 (11th Cir. 1983).

This case is at the first stage—the notice or "conditional certification" stage. Tucker, as the single named plaintiff, asks the court to grant his motion for conditional certification. (*See* Doc. 13).

## B. Tucker fails to provide enough evidence that other employees "desire to opt-in" to his lawsuit.

As explained above, before granting a motion for conditional certification, the court must make two findings: (1) that other employees desire to opt-in, and (2) that those other employees are "similarly situated" with respect to their job requirements and pay provisions. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (citing *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)). The court will first analyze whether there are other employees who desire to opt-in.

1. Unsupported belief as evidence of opt-ins: Plaintiffs in other cases have successfully satisfied the first element by submitting affidavits of other employees, consent forms to join the litigation from other employees, and

expert evidence indicating some other employees wish to opt-in. *See Mooney v. Advanced Disposal Servs.*, 2008 2008 WL 3843550, at *2 (M.D. Ala. Aug. 14, 2008) (citing *Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1277 (M.D. Ala. 2004) (collecting cases)).

Tucker presents nothing of the sort. Instead, as evidence that others desire to opt-in, Tucker—the singular named plaintiff in this action—proffers one thing: a sworn declaration in which he asserts that he "believe[s] there would be others who would want to join this lawsuit . . ." (Doc. 16-6, p. 5). The parties confirmed in supplemental briefing that this is the only evidence Tucker offers. (*See* Doc. 42, p. 2; Doc. 43, p. 2).

Other courts have explained that a plaintiff's "mere stated belief in the existence of other employees who desire to opt-in is insufficient." *Davis*, 303 F.Supp.2d at 1277 (citing *Horne v. United Servs. Auto. Ass'n*, 279 F.Supp.2d 1231, 1236 (M.D. Ala. 2003)). And "unsupported expectations that additional plaintiffs will subsequently come forward" are also insufficient. *Davis*, 303 F.Supp.2d at 1277 (citing *Mackenzie v. Kindred Hosps. East, LLC*, 276 F.Supp.2d 1211, 1220 (M.D. Fla. 2003)). In other words, notice to a potential class is not appropriate to determine *whether* there are others who desire to join the lawsuit. *Mackenzie*, 276 F. Supp. 2d at 1220 (citing *Dybach*, 942 F.2d at 1567-68) (emphasis added). Instead, a plaintiff must make some showing that others desire to opt in. *See id.*

District courts in the Eleventh Circuit have repeatedly found the type of evidence Tucker offers to be insufficient—even when presented by *multiple* named plaintiffs. *See, e.g., Galban v. Bill Seidle's Nissan, Inc.*, 2009 WL 10667636, at *2-3 (S.D. Fla. Apr. 10, 2009) (holding named plaintiffs did not meet their burden because "a plaintiff's or counsel's belief in the existence of other employees who may desire to opt in is insufficient to justify notice to a potential class"); *Wombles v. Title Max of Ala., Inc.*, 2005 WL 3312670, at *3 (M.D. Ala. Dec. 7, 2005) (holding plaintiffs did not meet their burden when five plaintiffs alleged in affidavits that they "believe . . . that given the opportunity . . . [others] would join in this lawsuit"); *see also Mooney v. Advanced Disposal Servs.*, 2008 WL 3843550, at **2-3 (M.D. Ala. Aug. 14, 2008) ("A stated belief in the existence of other employees wishing to join this litigation is all the [four named] plaintiffs have to offer . . . the court views the identification of only four

6

plaintiffs . . . as a weak indicator that other employees desire to opt-in"); *Slaughter v. CVS Rx Servs., Inc.*, 2004 U.S. Dist. LEXIS 30034, at *11 (N.D. Ala. Nov. 1, 2004) (thirteen named plaintiffs "failed to show that other similarly situated employees . . . desire to opt-in").

District courts outside the Eleventh Circuit have reached the same conclusion. *See, e.g.*, *Rahman v. Fiesta Mart, LLC*, 2016 WL 2346944, at *5 (S.D. Tex. May 4, 2016) ("[Plaintiff] has presented no evidence that would allow the court to infer that other individuals are interested in joining this lawsuit . . . [Plaintiff]'s unsupported assertion that others will be interested in joining this lawsuit is insufficient to satisfy his burden.").

The court asked the parties if any district court in the Eleventh Circuit has granted a motion for conditional certification when (1) there is only one named plaintiff, and (2) the only evidence that other employees desire to opt-in is a declaration from the named plaintiff in which he asserts that he believes others would want to join his lawsuit. (*See* Doc. 41). Oscar Mike said no. (*See* Doc. 43, p. 2). Tucker offered a few cases that are close, but not on point. (*See* Doc. 32).

Tucker asserts that in *Santiago v. Mid-South Painting, Inc.*, the Southern District of Florida conditionally certified a collective of similarly situated employees based on a single named plaintiff's sworn declaration. 2011 WL 3418252 (S.D. Fla. Aug. 3, 2011). But that case is factually different from this one. First, the *Santiago* plaintiff's declaration contains a different assertion: that he was "aware of other painters who have expressed an interest in joining the lawsuit . . ." *Id.* at *10. Tucker does not say that he is "aware" of others who wish to join the suit. Instead, he says he "believe[s]" that others will join. (*See* Doc. 13-6, p. 5). Being *aware* of specific individuals who wish to join is different from merely *believing* that others will join. And regardless, the court explained that "[n]ormally, this type of bald assertion is insufficient to carry a plaintiff's burden because unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify notice." *Id.* at *10–11.

The *Santiago* court made it clear that the only reason it concluded that the plaintiff satisfied his burden of showing that other employees desired to

opt-in is because the defendant *admitted* that it failed to pay other employees at an overtime rate for all hours worked over forty in a workweek. The court explained:

> Had Defendants not explicitly admitted that they, as a rule, do not pay overtime wages, the Court's determination would be quite different. Without that admission, if Plaintiff had relied solely on anecdotal evidence or belief, the Court would not have found that there are other employees who desire to opt-in.

*Id.* at \*5, n.6. Oscar Mike does not make a similar admission. Indeed, Oscar Mike denies that it did not pay overtime wages to Tucker and other diesel mechanics. (*See* Doc. 4, ¶¶ 34-35). So this court finds that *Santiago* is factually different and unpersuasive.

In each of the other cases offered by Tucker, at least one individual other than the plaintiff filed a consent to join the lawsuit. *See Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 2170, 1275 (S.D. Fla. 2012) (on top of 21 named plaintiffs, three employees served pre-suit notice to join and three employees submitted affidavits expressing interest); *Brown v. Refuse Materials, Inc.*, 2013 WL 2387750, at \*3 (M.D. Ga. May 30, 2023) (finding plaintiff's submission of a consent form signed by a similarly situated employee was a sufficient demonstration of interest in participation); *Wynder v. Applied Card Sys., Inc.*, 2009 WL 3255585, at \*1 (S.D. Fla. Oct. 7, 2009) (one additional individual filed a consent to join the action); *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512, at \*\*2, 4 (S.D. Fla. May 17, 2006) (one additional individual filed a consent to join the action). So the court is aware of no cases in which a district court in the Eleventh Circuit granted a motion for conditional certification when (1) there is only one named plaintiff, and (2) the only evidence that other employees desire to opt-in is a declaration from the named plaintiff in which he asserts that he "believe[s]" there would be others who would want to join.

To be sure, at least one federal district court has granted conditional certification when there is only one named plaintiff, and no evidence that other employees desire to opt-in. *See Adams v. United Cerebral Palsy of Cent. Ark,*

*Inc.*, 2017 WL 5659822, at \*\*1–2 (E.D. Ark. Apr. 27, 2017). But that district court, unlike this one, "does not require plaintiffs in a Fair Labor Standards Act case to establish that other potential class members desire to opt in." *Id.* This district court is bound by Eleventh Circuit precedent, so it must "satisfy itself that there are other employees . . . who desire to opt-in." *Dybach*, 942 F.3d at 1567; *see also Mooney v. Advanced Disposal Servs.*, 2008 WL 3843550, at \*2 (M.D. Ala. Aug. 14, 2008) (explaining that district courts in this circuit are required to find that other potential class members desire to opt-in).

2. <u>Other arguments for certification</u>: In his supplemental brief, Tucker argues that "the existence of just one other co-worker who desires to join in is sufficient to 'rais[e] the Plaintiff's contention beyond one of pure speculation'" (Doc. 42, pp. 2–3) (quoting *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1283 (S.D. Fla. 2012)). That may be true, but Tucker does not show that any other coworker desires to join his lawsuit. Again, all Tucker proffers is his own declaration, in which he claims that he "believe[s] there would be others who would want to join this lawsuit . . ." (Doc. 13-6, p. 5).

Tucker also asserts that evidence of "a common payroll policy or scheme" is enough to meet his burden. (Doc. 42, p. 3) (citing *Mooney v. Advanced Disposal Servs.*, 2008 WL 3843550, at \*2 (M.D. Ala. Aug. 14, 2008)). But he cites no binding authority for this proposition. And the same court that observed that plaintiffs have "established there were other employees desiring to opt-in on the basis of their being subjected to a common payroll policy or scheme" also said, "it is insufficient for a plaintiff to rely on a mere stated belief in the existence of other employees who desire to opt-in." *Mooney*, 2008 WL 3843550, at \*2 (internal quotation marks omitted). In *Mooney*, "[a] stated belief in the existence of other employees wishing to join this litigation is all the plaintiffs [had] to offer" and the court denied the motion for conditional certification. *Id.* at \*\*2, 4.

\* \* \*

The court holds that Tucker's personal declaration is not enough to satisfy the court that "there are other employees . . . who desire to opt-in." *Dybach*, 942 F.3d at 1567. If it were enough, *any plaintiff* could satisfy the first requirement for conditional certification—and thus eliminate the requirement.

As another court put it, "[i]f an FLSA plaintiff were required to show only that other potential plaintiffs exist (rather than showing that those potential plaintiffs would actually seek to join the lawsuit), it would:

> render preliminary class certification automatic, as long as the Complaint contains the magic words: 'Other employees similarly situated.' Under this rationale, any plaintiff who is denied overtime pay may file suit under [the] FLSA and, as long as her complaint is well-pled, receive preliminary class certification and send court-approved notice forms to every . . . employee[ ]. This is, at best, an inefficient and overbroad application of the opt-in system, and at worst it places a substantial and expensive burden on a defendant . . . . More importantly, automatic preliminary class certification is at odds with the Supreme Court's recommendation to 'ascertain the contours of the [§ 216] action at the outset.'"

*Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1165 (D. Minn. 2007) (quoting *Smith v. Sovereign Bancorp, Inc.*, 2003 WL 22701017, at *2 (E.D. Pa. Nov. 13, 2003)).

The court is unwilling to hold, at this time, that Tucker's case is appropriate for collective action. Because the court finds that Tucker fails to establish that others are interested in joining his lawsuit, the court does not opine on whether other Oscar Mike employees are similarly situated.

## CONCLUSION

For the reasons stated above, the court **DENIES** Michael Tucker's motion for conditional certification, and **DENIES AS MOOT** his motion for approval and distribution of notice, and disclosure of contact information (doc. 13). The court will enter a separate order that carries out this ruling.

**DONE** on January 30, 2023.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

11